UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ANTONIO L. MORGAN, )
 )
    Plaintiff, )
 )
v. ) Case No. CV406-265
 )
SHERIFF AL ST. LAWRENCE, )
SUPERIOR COURTS OF EASTERN )
JUDICIAL CIRCUIT OF GEORGIA, )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On November 16, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order.[1] Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a

---

[1] As plaintiff's complaint is being construed as a petition for habeas relief under 28 U.S.C. § 2241, see infra, and plaintiff is indigent, doc. 3, the filing fee of $5 is waived.

recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that he has been incarcerated in the Chatham County Detention Center since February 17, 2006 for the charge of armed robbery without having been indicted. Doc. 1. Plaintiff alleges

that this is a violation of his constitutional rights to due process and a speedy trial. Furthermore, plaintiff contends that the bond of $15,000 (reduced to $10,000) set by the Superior Court of Chatham County is excessive, and thus in violation of his Eighth Amendment rights. Plaintiff, who seeks an evidentiary hearing, asks that the charges against him be dismissed or that he be released from custody. He also requests monetary damages for the emotional harm, mental distress, and malnutrition caused by defendants.

The Court finds that plaintiff's § 1983 action is properly construed as a petition for habeas relief under 28 U.S.C. § 2241. "[W]hen a . . . prisoner is challenging the very fact or duration of his physical imprisonment, and the relief is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because plaintiff is essentially seeking to have the charges against him dropped or be released from custody, the Court construes his complaint as a § 2241 petition.[2]

---

[2]Plaintiff alleges that, as a product of his incarceration, he is being subjected to cruel and unusual punishment due to an overpopulated jail, malnutrition, and "daily

A petition brought pursuant to 28 U.S.C. § 2241 provides a federal habeas remedy to a state prisoner who is held in custody in violation of the Constitution, laws, or treaties of the United States. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). Petitioner, however has failed to satisfy the common law exhaustion requirement for § 2241 claims, and thus his petition should be dismissed.

The United States Supreme Court in Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973), stated that "[t]he exhaustion doctrine is a

---

and hourly emotional and mental distress due to insufficient medical and psychiatric help and counseling." Id. Plaintiff further complains that his incarceration thwarts his efforts to find work so as to provide for his family. Lastly, plaintiff alleges that defendants are conspiring to deprive him of his rights. Doc. 1. The Court finds these issues to be ancillary to his request for the dismissal of the criminal charges and release from custody, which is the focus of his complaint, and so the Court will not address them as distinct issues taking this action out of the purview of § 2241. See Chau v. United States, 2006 WL 2443351, at *3 (S.D. Ga. August 18, 2006) ("the *sole* function of habeas corpus is to provide relief from unlawful imprisonment or custody, and *it cannot be used for any other purpose*") (emphasis added). Should plaintiff wish to pursue a conditions-of-confinement claim, he may bring a separate action pursuant to 42 U.S.C. § 1983 that does not also challenge the fact of his confinement.

judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 490. While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); see Wilson v. Hickman, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

Furthermore, "a federal court does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bail." Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982). While a federal court is empowered to review the constitutionality of the denial of bail, a petitioner generally has to show that he has exhausted his state avenues of relief before a federal court will hear his habeas claim. 28 U.S.C. § 2254(b). Challenges to the denial of bail or the setting of pretrial release conditions have been addressed in the Georgia courts, both on state habeas and on appeal. Sirmons v. State, 256 S.E.2d 350 (Ga. App. 1979); Jones v. Grimes, 134 S.E.2d 790 (Ga. App. 1964). See O.C.G.A. § 9-14-1(a) (establishing the right to seek a writ of habeas corpus to inquire into the legality of restraints on freedom); Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980) (Georgia detainee under indictment for murder must exhaust his available state remedies before seeking federal habeas review of state court's denial of bail). Petitioner must exhaust his available state remedies before seeking habeas corpus relief from this Court.

Petitioner has failed to exhaust his state court remedies with regard to either aspect of his petition. Rather than affording the state

6

courts a fair opportunity to resolve his federal constitutional claims by seeking the appropriate relief at the state level, petitioner has resorted directly to this Court by filing a federal habeas proceeding. Because this court lacks the authority under § 2241 to review the constitutionality of petitioner's confinement prior to the exhaustion of petitioner's state court remedies, the petition should be DISMISSED as unexhausted.

Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). If petitioner believes that his state custody is unlawful he may file a state habeas petition under the provisions of this statute. He cannot, however, seek federal habeas review in this Court before he exhausts his state habeas remedies.

**SO REPORTED AND RECOMMENDED** this 31st day of May, 2007.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO L. MORGAN,   )
                     )
    Plaintiff,   )
                     )
v.                   )   Case No. CV406-265
                     )
SHERIFF AL ST. LAWRENCE,   )
SUPERIOR COURTS OF EASTERN )
JUDICIAL CIRCUIT OF GEORGIA, )
                     )
    Defendants.  )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

                                      B. AVANT EDENFIELD
                                      UNITED STATES DISTRICT JUDGE
                                      SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO L. MORGAN, )
)
    Plaintiff, )
)
v. ) Case No. CV406-265
)
SHERIFF AL ST. LAWRENCE, )
SUPERIOR COURTS OF EASTERN )
JUDICIAL CIRCUIT OF GEORGIA, )
)
    Defendants. )

## **ORDER**

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

                                                    **B. AVANT EDENFIELD**
                                                  **UNITED STATES DISTRICT JUDGE**
                                                  **SOUTHERN DISTRICT OF GEORGIA**